IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO.

**MICHAEL JOE GREEN II**
_____/

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Adam K. Zeithammel, being duly sworn, deposes and states the following:

1. Your affiant is a Special Agent (hereinafter "SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") assigned to the Pensacola Field Office, and has served in that capacity since 2015. Prior to this employment, your affiant worked for the United States Air Force in a civilian capacity from 2013 to 2015 and served on active duty as an Air Force officer from 2007 to 2013.

2. Your affiant has participated in investigations of individuals who have violated state and Federal laws, particularly those laws found in Titles 18 and 21 of the United States Code. Your affiant has conducted and participated in ATF controlled operations where confidential informants and undercover agents were utilized to purchase firearms and narcotics. Your affiant has conducted and participated in surveillance operations that yielded information pertaining to

1

firearms and narcotics laws violators. Your affiant has participated in the execution of search warrants wherein firearms, ammunition, large amounts of narcotics, currency, tools, paraphernalia, and records of firearms and narcotics trafficking have been recovered. Your affiant has conducted and participated in the arrests of firearms and narcotics law violators. Your affiant has had conversations with other experienced agents regarding illicit firearms possession and narcotics trafficking activities, and the many different enforcement methods used to combat firearms and narcotics law violators.

3. The statements contained in this affidavit are based on your affiant's own investigation or were provided to your affiant by other law enforcement officers. Your affiant has set forth the facts that I believe are necessary to establish probable cause to believe that **Michael Joe GREEN II** (hereinafter "**GREEN**") has violated Title 18, United States Code, Section 922(g)(1), which makes it unlawful for a person to possess a firearm after having been previously being convicted of a felony. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, your affiant has not included every fact known about this investigation, but rather, only those facts necessary to establish probable cause.

## RELEVANT FACTS OF THE INVESTIGATION

4. On or about January 1, 1993, **GREEN** was convicted in the State of Florida for Constructive Possession of Synthetic Marijuana. On or about December

21, 1992, **GREEN** was convicted in the State of Florida for Burglary, Robbery, and Accessory After the Fact. On or about January 19, 1993, **GREEN** was convicted in the State of Florida for Aggravated Assault with a Deadly Weapon. On or about January 29, 1996, **GREEN** was convicted in the State of Florida for Robbery with a Firearm, Possession of a Firearm by a Convicted Felon, Aggravated Battery with a Deadly Weapon, and Resisting an Officer with Violence. On or about January 24, 1996, **GREEN** was convicted in the State of Florida for Aggravated Battery of a Police Officer, Fleeing and Eluding Police, Resisting an Officer with Violence, and Felony Fleeing and Attempting to Elude. On or about December 9, 2002, **GREEN** was convicted in the State of Florida for Possession of a Controlled Substance. On or about August 27, 2008, **GREEN** was convicted in the State of Florida for Possession of Cocaine. On or about November 3, 2008, **GREEN** was convicted in the State of Florida for Possession of Cocaine. On or about June 15, 2015, **GREEN** was convicted in the State of Florida for Aggravated Battery. Each of these crimes were punishable by imprisonment for a term exceeding one year.

5. On or about January 18, 2019, in the early morning hours, a team of Pensacola Police Department (hereinafter "PPD") Detectives and ATF Special Agents dressed in plain clothes were conducting foot patrols in the downtown Pensacola, Florida area. At approximately 3:00 am, PPD Detective Mark Norman observed a black Cadillac sedan bearing Florida tag NCFW91 backed into a

3

parking space located in a parking lot just northwest of the intersection of Jefferson Street and Government Street in Pensacola; this vehicle is registered to **GREEN**. Detective Norman immediately recognized the driver of the vehicle to be **GREEN** from recent law enforcement databases. The vehicle also contained a front seat passenger, who was later identified as J.M. Detective Norman then walked towards the front driver's side window of the vehicle, which was rolled almost completely down. As he passed within several feet of the open window, he detected the strong odor of marijuana emanating from the vehicle. Detective Norman advised several marked PPD patrol units in the area of these facts.

6. A short time later, **GREEN** placed the car in drive and attempted to exit the parking lot onto Jefferson Street. As **GREEN** attempted to enter the roadway, a marked PPD patrol unit conducted a traffic stop on **GREEN's** vehicle. Almost immediately, both **GREEN** and J.M. began to make furtive movements, so patrol officers issued loud verbal commands to stop moving and reaching around. PPD Officer Davis, who was standing by the driver's side door of the vehicle, observed **GREEN** reach directly underneath the driver's seat of the vehicle. **GREEN** then briefly placed the vehicle in reverse. After several moments of officers continuously giving **GREEN** commands to stop the vehicle and show his hands, **GREEN** complied. As **GREEN** was removed from the vehicle and detained, PPD Detective Restifo observed the handle of a pistol located

4

directly where **GREEN** had been observed reaching. J.M. was also removed from the vehicle and detained.

7.  Due to the strong odor of marijuana emanating from the vehicle, PPD K-9 Officer Byrd responded and revealed that his K-9 had given a positive alert to presence of a narcotic odor. A probable cause search of the vehicle revealed a Canik TP9, 9mm pistol, serial number 16AP07880, loaded with 9mm ammunition, under the driver's seat. Additionally, a plastic baggie containing approximately 3.8 grams of marijuana was located in the front passenger door, along with several partially smoked marijuana cigarettes, commonly known as "blunts."

8.  Through training and experience as an ATF Special Agent, your affiant knows that the subject Canik 9mm pistol was manufactured outside the state of Florida.

## CONCLUSION

9.  Based on the above stated facts and circumstances, your affiant respectfully submits there is probable cause to believe that **GREEN** has violated Title 18, United States Code, Section 922(g)(1), which makes it unlawful for a person to possess a firearm after having been previously being convicted of a felony.

_____
ADAM K. ZEITHAMMEL
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me this 19th day of January, 2020.

_____
ELIZABETH M. TIMOTHY
Chief United States Magistrate Judge